IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY L. STOUT,

      Plaintiff,

  v.

JOSEPH GAMA, JOE E. GLASPIE
and SUE H. SORUM,

      Defendants.

No.   MISC.S-04-0380 FCD DAD PS

ORDER

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

1  time if it determines the allegation of poverty is untrue, or if the
2  action is frivolous or malicious, fails to state a claim on which
3  relief may be granted, or seeks monetary relief against an immune
4  defendant.  The undersigned finds that plaintiff's complaint fails to
5  state a claim on which relief may be granted.
6      A complaint, or portion thereof, should only be dismissed
7  for failure to state a claim upon which relief can be granted if it
8  appears beyond doubt that the plaintiff can prove no set of facts in
9  support of the claim or claims that would entitle him to relief.
10 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
11 Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log
12 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the
14 allegations of the complaint.  Hospital Bldg. Co. v. Rex Hosp.
15 Trustees, 425 U.S. 738, 740 (1976).  Furthermore, the court must
16 construe the pleading in the light most favorable to the plaintiff,
17 and resolve all doubts in the plaintiff's favor.  See Jenkins v.
18 McKeithen, 395 U.S. 411, 421 (1969).
19     Plaintiff's complaint appears to allege that defendant
20 United States Probation Officer Gama unlawfully revealed confidential
21 information regarding plaintiff's cooperation with an investigation
22 being conducted by the Federal Bureau of Investigation, thereby
23 placing plaintiff's life in danger.  Plaintiff also names U.S.
24 Probation Department supervisors Joe Glaspie and Sue Sorum as
25 defendants.  Specifically, plaintiff alleges in his brief,
26 handwritten complaint only the following:

> Appox. 12-10-03 Joseph Gama met with Wanda Dalton and Wilma Marler and released private, restricted & confidential information about myself and the FBI to them.  Non-family members to which an FBI investiagtion was about and of Roger Sherwood who is married to Wilma Marler putting my life in danger, not being able to return to Northern Calif. for work or home.  Because Mr. Gama told them of my involvement with the FBI Investigation.  I contacted Sue Sorum his supervisor before it was released & asked her to tell him not too (sic). She had Joe E. Glaspie investigate it who said Mr. Gama denied saying or releasing any info. to them.  I <u>received</u> a letter from them say (sic) Mr. Gama told them about the FBI & they found out from him everything.

Liberally construed, plaintiff's complaint would appear to be brought pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff's complaint might also be construed as alleging the United States Probation Officer defendants violated plaintiff's right to substantive due process under the "state-created danger" doctrine.  However, this doctrine would appear to be unavailable to plaintiff under the facts alleged in the complaint.

In <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189 (1989), the Supreme Court rejected the argument of Joshua DeShaney and his mother that the Winnebago County Department of Social Services deprived Joshua of liberty without due process of law in violation of the Fourteenth Amendment by failing to protect him from violence by his father.  In this regard, the Court explained:

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.  The Clause is phrased as a limitation on the State's power

3

>           to act, not as a guarantee of certain minimal
>           levels of safety and security.  It forbids the
>           State itself to deprive individuals of life,
>           liberty, or property without "due process of
>           law," but its language cannot fairly be extended
>           to impose an affirmative obligation on the State
>           to ensure that those interests do not come to
>           harm through other means.

DeShaney, 489 U.S. at 195.  The Court held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."  Id. at 197.

The "state-created danger" doctrine is a recognized exception to DeShaney's rule against holding state officials liable for private violence.  See Kennedy v. City of Ridgefield, 411 F.3d 1134, 1142 (9th Cir. 2005); Huffman v. County of Los Angeles, 147 F.3d 1054, 1058-59 (9th Cir. 1998); L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992) ("Grubbs I").  Liability under this theory requires a two-part showing: (1) "that the officer's actions created or increased the danger facing [plaintiff]" and (2) "the state official acted with deliberate indifference to a known or obvious danger."  Kennedy, 411 F.3d at 1142; see also Huffman, 147 F.3d at 1061 ("[T]he danger-creation plaintiff must demonstrate, at the very least, that the state acted affirmatively and with deliberate indifference in creating a foreseeable danger to the plaintiff leading to the deprivation of the plaintiff's constitutional rights[.]").

Here, plaintiff has not pleaded facts sufficient to state a claim under a "state-created danger" theory.  More specifically, while the complaint alleges that defendant's release of confidential information put plaintiff's "life in danger," the complaint does not

4

1 allege that the release of information occurred with deliberate
2 indifference to a known or obvious danger.  The "deliberate
3 indifference" standard requires the plaintiff to show "(1) an
4 unusually serious risk of harm ..., (2) defendant's actual knowledge
5 of (or at least, willful blindness to) that elevated risk, and (3)
6 defendant's failure to take obvious steps to address that known,
7 serious risk." L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir.
8 1996)("Grubbs II").  Nothing in the complaint even suggests that
9 defendants acted in deliberate indifference to plaintiff's safety.
10 Cf. Penilla v. City of Huntington Park, 115 F.3d 707, 710 (9th Cir.
11 1997)(affirming denial of Fed. R. Civ. P. 12(b)(6) motion to dismiss
12 where officers "allegedly took affirmative actions that significantly
13 increased the risk facing Penilla: they cancelled the 911 call to the
14 paramedics; they dragged Penilla from his porch, where he was in
15 public view, into an empty house; they then locked the door and left
16 him there alone.  And they allegedly did so *after* they had examined
17 him and found him to be in serious medical need.").  On the contrary,
18 taking the allegations of the complaint as true, the named defendants
19 apparently investigated the alleged release of confidential
20 information pursuant to plaintiff's request and determined that no
21 such release has occurred.  Such conduct is not indicative of
22 deliberate indifference.
23          It is possible, however, that the court has not accurately
24 construed plaintiff's complaint, which is extremely brief and
25 somewhat difficult to decipher.  In the end, the court finds the
26 allegations in the amended complaint so vague and conclusory that it

5

is unable to determine whether the current action is frivolous or fails to state a claim for relief.  In this regard, the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's complaint fails to meet these requirements.

Because of these deficiencies, plaintiff's complaint must be dismissed.  Nonetheless, the court will grant leave to file an amended complaint if he wishes to pursue this action.  If plaintiff chooses to amend the amended complaint, he must set forth the grounds upon which the court's jurisdiction depends.  Moreover, the amended complaint must include clear factual allegations describing the events which underlie plaintiff's claims.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, prior pleadings no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Any
/////

amended pleading which fails to provide the necessary factual description will likely be dismissed.

Plaintiff is forewarned that the failure to file an amended complaint which complies with this order will result in a recommendation that this action be dismissed.

Finally, plaintiff also has requested the appointment of counsel. Since plaintiff is proceeding in forma pauperis, the court has discretion to request an attorney to represent him. See 28 U.S.C. § 1915(e)(1). However, the exercise of that power is limited to "exceptional circumstances." Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980)(citing United States ex rel. Gardner v. Madden, 352 F.2d 792, 794 (9th Cir. 1965)). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)(citations omitted). In light of the deficiencies of plaintiff's complaint set forth herein and plaintiff having made no showing demonstrating a likelihood of success on the merits, the undersigned finds that there are no "exceptional circumstances" warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

/////

/////

2. The Clerk of the Court is directed to file plaintiff's complaint and open this matter as a civil action, to be referred to hereafter by the case number stamped on page one of this order; and

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the second amended complaint, if any, must bear the number assigned this case and must be labeled "Amended Complaint".  Plaintiff must file an original and two copies of any amended complaint; and

5. Plaintiff's request for appointment of counsel is denied.

DATED: October 21, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\stout.dism.lta

8